UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER EUBANKS, | ) | CASE NO. 4:08 CV2377 |
| Petitioner, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) ) | AND ORDER |
| Respondent. | ) ) | |

Pro se petitioner Christopher Eubanks filed the above-captioned habeas corpus action on October 7, 2008 pursuant to 28 U.S.C. § 2241. Mr. Eubanks, who is incarcerated at the Federal Correctional Institution's Satellite Location in Elkton, Ohio (F.S.L. Elkton), names the United States of America and F.S.L. Elkton warden J.T. Shartle as respondents. He seeks an order from this court granting him immediate release.

### Background

Mr. Eubanks states he was convicted of distributing crack cocaine within 1000 feet of a protected area in the United States District Court of West Virginia. On October 20, 2006, the court sentenced him to 63 months in prison, followed by 5 years of supervised release. At the time his criminal history was calculated, Mr. Eubanks alleges that his parole officer made "an error in his calculation." This alleged error resulted in a 2 point enhancement of his sentence.

He claims this subjected him to more prison time than "what was necessary and/or proper."

On November 27, 2007, Mr. Eubanks filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the District Court of West Virginia. See Eubanks v. United States, No. 5:07cv0153 (D. WV, filed Nov. 27, 2007)(Stamp, J.) Petitioner states that on April 10, 2008, Magistrate Judge James Seibert issued a "Hill v. Braxton Notice" giving him the opportunity to explain "his alleged, untimely delay in filing his 2255 motion." Mr. Eubanks claims that he filed a response on April 24, 2008.

The Magistrate issued a Report and Recommendation (R&R) on June 20, 2008. The R&R recommended the denial of Mr. Eubanks's motion to vacate based on untimeliness. To date, the district court has not issued a ruling on the Magistrate's Recommendation.

Petitioner now claims he is entitled to immediate relief from this court. It is his assertion that the delay in filing his § 2255 motion was beyond his control. Moreover, he maintains he is being prejudiced by the District Court of West Virginia's delay in ruling on his pending § 2255 motion. In order to alleviate further "injury," Mr. Eubanks asks this court to intervene and determine his entitlement to early release based on alleged errors at sentencing and his eligibility for participation in a Residential Drug Abuse Program (RDAP). He also filed a Motion for Default Judgment in this action on December 4, 2008. Considering the fact that this court cannot grant the relief Mr. Eubanks requests, the Motion for Default [Dkt.#5] is **denied**.[1] For the reasons set forth below, this petition is **dismissed**.

---

[1] The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir.), cert. denied, 469 U.S. 874 (1984); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.), cert. denied, 452 U.S. 920 (1981); Goodman v. Keohane, 663 F.2d 1044, 1047 n. 4 (11th Cir.1981); Allen v. Perini, 424 F.2d 134, 138 (6th Cir.), cert. denied, 400 U.S. 906 (1970).

## 28 U.S.C. § 2241

As a threshold matter, a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). The "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams v. United States, 323 F.2d 672, 673 (10th Cir.1963), cert. denied 377 U.S. 980 (1964).

Mr. Eubunks's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in Charles, the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner may be denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. Charles, 180 F.3d at 756-58. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See id., at 758.

The court notes that Mr. Eubanks makes a conclusory reference to the fact that he has been denied early release through a RDAP. He does not allege why he has been denied early release through a RDAP, or why he is otherwise eligible for early release. To the extent this claim is tied to the challenge of his sentence pursuant to § 2255, this court cannot provide relief, for the reasons stated above. If, however, Mr. Eubanks is attempting to claim that the Bureau of Prisons

3

(BOP) has not properly calculated credits to which he believes he is entitled, federal regulations have afforded prisoners administrative review of the computation of their credits. See 28 CFR §§ 542.10-542.16; United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990). Prisoners have been able to seek judicial review of these computations, however, only after exhausting their administrative remedies. See United States v. Bayless, 940 F.2d 300, 304-05 (8th Cir. 1991); United States v. Flanagan, 868 F.2d 336 1544, 1546 (11th Cir. 1989). Therefore, any request for review of the manner in which the BOP is executing his sentence must first be exhausted.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

*Donald C. Nugent 12/9/08*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.